UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| U.S. BANK TRUST, N.A., | Case No. 2:16-CV-2178 JCM (GWF) |
|---|---|
| Plaintiff(s), | ORDER |
| v. | |
| SATICOY BAY LLC SERIES 4109 LIBERAL, et al., | |
| Defendant(s). | |

Presently before the court is defendant Saticoy Bay LLC Series 4109 Liberal's ("Saticoy") motion to dismiss. (ECF No. 11). Plaintiff U.S. Bank Trust, N.A., as trustee for LSF9 Master Participation Trust ("US Bank") filed a response (ECF No. 20), to which Saticoy replied (ECF No. 21).

**I.    Facts**

This case involves a dispute over real property located at 4109 Liberal Court, N. Las Vegas, Nevada 89032 (the "property"). On October 7, 2008, Richard Jackson obtained a loan from MetLife Home Loans in the amount of $157,140.00 to purchase the property, which was secured by a deed of trust recorded that same date. (ECF No. 1 at 3).

On August 14, 2012, the designated agent for defendant Harmony Homeowners Association, Inc. (the "HOA") recorded a notice of delinquent assessment lien, stating an amount due of $750.00. (ECF Nos. 1 at 4; 1-5).

The deed of trust was assigned to JPMorgan Chase Bank, N.A. via a corporate assignment of deed of trust recorded on October 11, 2013. (ECF No. 1 at 3).

**James C. Mahan**
**U.S. District Judge**

On April 30, 2014, the HOA's agent recorded a notice of default and election to sell to satisfy the delinquent assessment lien, stating an amount due of $2,994.84. (ECF Nos. 1 at 3; 1-6). On September 2, 2015, the HOA's agent recorded a notice of trustee's sale, stating an amount due of $7,933.97. (ECF Nos. 1 at 3; 1-7). On September 24, 2015, Saticoy purchased the property at the foreclosure sale for $20,100.00. (ECF No. 1 at 4).[1] A trustee's deed upon sale in favor of Saticoy was recorded on November 12, 2015. (ECF Nos. 1 at 4; 1-8).

After the foreclosure sale had extinguished the deed of trust, it was assigned to the Secretary of Housing and Urban Development via an assignment of deed of trust (ECF No. 1-9), then to US Bank via an assignment of deed of trust (ECF No. 1-10), both of which were recorded on January 15, 2016, respectively. (ECF No. 1 at 4).

On September 15, 2016, US Bank filed the underlying complaint, alleging four causes of action: (1) quiet title/declaratory judgment against Saticoy and the HOA; (2) preliminary and permanent injunction against Saticoy; (3) unjust enrichment against Saticoy and the HOA; and (4) wrongful foreclosure against the HOA. (ECF No. 1).

In the instant motion, Saticoy moves to dismiss US Bank's claims against it pursuant to Federal Rule of Civil Procedure 12(b)(6). (ECF No. 11).

**II.      Legal Standard**

A court may dismiss a complaint for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). A properly pled complaint must provide "[a] short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2); *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). While Rule 8 does not require detailed factual allegations, it demands "more than labels and conclusions" or a "formulaic recitation of the elements of a cause of action." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citation omitted).

"Factual allegations must be enough to rise above the speculative level." *Twombly*, 550 U.S. at 555. Thus, to survive a motion to dismiss, a complaint must contain sufficient factual

---

[1] The complaint alleges that Saticoy purchased the property for $21,000.00 (ECF No. 1 at 4); however, the trustee's deed upon sale states the purchase price was $20,100.00 (ECF No. 1-8 at 2).

matter to "state a claim to relief that is plausible on its face." *Iqbal*, 556 U.S. at 678 (citation omitted).

In *Iqbal*, the Supreme Court clarified the two-step approach district courts are to apply when considering motions to dismiss. First, the court must accept as true all well-pled factual allegations in the complaint; however, legal conclusions are not entitled to the assumption of truth. *Id.* at 678–79. Mere recitals of the elements of a cause of action, supported only by conclusory statements, do not suffice. *Id.* at 678.

Second, the court must consider whether the factual allegations in the complaint allege a plausible claim for relief. *Id.* at 679. A claim is facially plausible when the plaintiff's complaint alleges facts that allow the court to draw a reasonable inference that the defendant is liable for the alleged misconduct. *Id.* at 678.

Where the complaint does not permit the court to infer more than the mere possibility of misconduct, the complaint has "alleged—but not shown—that the pleader is entitled to relief." *Id.* (internal quotation marks omitted). When the allegations in a complaint have not crossed the line from conceivable to plausible, plaintiff's claim must be dismissed. *Twombly*, 550 U.S. at 570.

The Ninth Circuit addressed post-*Iqbal* pleading standards in *Starr v. Baca*, 652 F.3d 1202, 1216 (9th Cir. 2011). The *Starr* court stated, in relevant part:

> First, to be entitled to the presumption of truth, allegations in a complaint or counterclaim may not simply recite the elements of a cause of action, but must contain sufficient allegations of underlying facts to give fair notice and to enable the opposing party to defend itself effectively. Second, the factual allegations that are taken as true must plausibly suggest an entitlement to relief, such that it is not unfair to require the opposing party to be subjected to the expense of discovery and continued litigation.

*Id.*

### III. Discussion

#### A. Claims (2) through (4)

As an initial matter, the court dismisses, without prejudice, claims (2) through (4) of US Bank's complaint.

Claim (2) is dismissed without prejudice because the court follows the well-settled rule in that a claim for "injunctive relief" standing alone is not a cause of action. *See, e.g.*, *In re Wal–*

*Mart Wage & Hour Emp't Practices Litig.*, 490 F. Supp. 2d 1091, 1130 (D. Nev. 2007); *Tillman v. Quality Loan Serv. Corp.*, No. 2:12-CV-346 JCM RJJ, 2012 WL 1279939, at *3 (D. Nev. Apr. 13, 2012) (finding that "injunctive relief is a remedy, not an independent cause of action"); *Jensen v. Quality Loan Serv. Corp.*, 702 F. Supp. 2d 1183, 1201 (E.D. Cal. 2010) ("A request for injunctive relief by itself does not state a cause of action.").

Claims (3) and (4) are dismissed without prejudice for failure to mediate pursuant to NRS 38.310. *See, e.g.*, Nev. Rev. Stat. § 38.310(1); *McKnight Family, L.L.P. v. Adept Mgmt.*, 310 P.3d 555 (Nev. 2013). Subsection (1) of NRS 38.310 provides, in relevant part, as follows:

> No civil action based upon a claim relating to [t]he interpretation, application or enforcement of any covenants, conditions or restrictions applicable to residential property . . . or [t]he procedures used for increasing, decreasing or imposing additional assessments upon residential property, may be commenced in any court in this State unless the action has been submitted to mediation.

Nev. Rev. Stat. § 38.310(1). Subsection (2) continues by stating that a "court shall dismiss any civil action which is commenced in violation of the provisions of subsection 1." Nev. Rev. Stat. § 38.310(2). A "civil action" includes any actions for monetary damages or equitable relief. *See* Nev. Rev. Stat. § 38.300(3).

"A wrongful foreclosure claim challenges the authority behind the foreclosure, not the foreclosure act itself." *McKnight Family, L.L.P.*, 310 P.3d at 559 (citing *Collins v. Union Fed. Sav. & Loan*, 662 P.2d 610, 623 (Nev. 1983)). "The material issue in a wrongful foreclosure claim is whether 'the trustor was in default when the power of sale was exercised.'" *Turbay v. Bank of Am., N.A.*, No. 2:12–CV–1367–JCM–PAL; 2013 WL 1145212, at *4 (quoting *Collins*, 662 P.2d at 623). "Deciding a wrongful foreclosure claim against a homeowners' association involves interpreting covenants, conditions or restrictions applicable to residential property." *McKnight Family, L.L.P.*, 310 P.3d at 559. "This type of interpretation falls under NRS 38.310." *Id.* Additionally, NRS 38.310 applies to laws "contain[ing] conditions and restrictions applicable to residential property." *Id.* at 558.

"[U]njust enrichment is an equitable remedy." *McKesson HBOC, Inc. v. New York State Common Ret. Fund, Inc.*, 339 F.3d 1087, 1093 (9th Cir. 2003). A claim for unjust enrichment

qualifies as a "civil action" under NRS 38.300(3) "because it exists separate from the title to land." *McKnight Family, L.L.P.*, 310 P.3d at 559.

US Bank's complaint does not allege that mediation under NRS 38.330 has been completed. Specifically, the complaint does not contain a sworn statement indicating that the issues set forth in the complaint have been mediated, but no agreement was obtained. *See* Nev. Rev. Stat. § 38.330(1). Consequently, US Bank must first submit claims (3) and (4) to mediation pursuant to NRS 33.310 before proceeding with such claims in this court.

Accordingly, claims (2) through (4) of US Bank's complaint are dismissed without prejudice.

### B. Claim (1) – Quiet Title/Declaratory Relief

Under Nevada law, "[a]n action may be brought by any person against another who claims an estate or interest in real property, adverse to the person bringing the action for the purpose of determining such adverse claim." Nev. Rev. Stat. § 40.010. "A plea to quiet title does not require any particular elements, but each party must plead and prove his or her own claim to the property in question and a plaintiff's right to relief therefore depends on superiority of title." *Chapman v. Deutsche Bank Nat'l Trust Co.*, 302 P.3d 1103, 1106 (Nev. 2013) (internal quotation marks and citations omitted). Therefore, for plaintiff to succeed on its quiet title action, it needs to show that its claim to the property is superior to all others. *See also Breliant v. Preferred Equities Corp.*, 918 P.2d 314, 318 (Nev. 1996) ("In a quiet title action, the burden of proof rests with the plaintiff to prove good title in himself.").

Section 116.3116(1) of the NRS gives an HOA a lien on its homeowners' residences for unpaid assessments and fines. Nev. Rev. Stat. § 116.3116(1). Moreover, NRS 116.3116(2) gives priority to that HOA lien over all other liens and encumbrances with limited exceptions—such as "[a] first security interest on the unit recorded before the date on which the assessment sought to be enforced became delinquent." Nev. Rev. Stat. § 116.3116(2)(b).

The statute then carves out a partial exception to subparagraph (2)(b)'s exception for first security interests. *See* Nev. Rev. Stat. § 116.3116(2). In *SFR Investment Pool 1 v. U.S. Bank*, the Nevada Supreme Court provided the following explanation:

> As to first deeds of trust, NRS 116.3116(2) thus splits an HOA lien into two pieces, a superpriority piece and a subpriority piece. The superpriority piece, consisting of the last nine months of unpaid HOA dues and maintenance and nuisance-abatement charges, is "prior to" a first deed of trust. The subpriority piece, consisting of all other HOA fees or assessments, is subordinate to a first deed of trust.

334 P.3d 408, 411 (Nev. 2014) ("*SFR Investments*").[2]

Chapter 116 of the Nevada Revised Statutes permits an HOA to enforce its superpriority lien by nonjudicial foreclosure sale. *Id*. at 415. Thus, "NRS 116.3116(2) provides an HOA a true superpriority lien, proper foreclosure of which will extinguish a first deed of trust." *Id.* at 419; *see also* Nev. Rev. Stat. § 116.31162(1) (providing that "the association may foreclose its lien by sale" upon compliance with the statutory notice and timing rules).

The holder of a first deed of trust may pay off the superpriority interest to keep its interest from being extinguished upon foreclosure of an HOA superpriority lien. *See SFR Investments*, 334 P.3d at 414 ("But as a junior lienholder, U.S. Bank could have paid off the SHHOA lien to avert loss of its security . . . ."); *see also 7912 Limbwood Ct. Trust v. Wells Fargo Bank, N.A., et al.*, 979 F. Supp. 2d 1142, 1149 (D. Nev. 2013) ("If junior lienholders want to avoid this result, they readily can preserve their security interests by buying out the senior lienholder's interest." (citing *Carillo v. Valley Bank of Nev.*, 734 P.2d 724, 725 (Nev. 1987); *Keever v. Nicholas Beers Co.*, 611 P.2d 1079, 1083 (Nev. 1980))).

US Bank alleges that it is the beneficiary of the first position deed of trust, which still encumbers the property and is superior to any interest held by Saticoy or the HOA. (ECF No. 1 at 11). In particular, US Bank's complaint alleges that the foreclosure sale is invalid "because of the defects in the notices given to the [l]ender"—specifically, that the HOA and its agent "did not comply with all the mailing and noticing requirements stated in NRS 116.31162 through NRS 116.31168." (ECF No. 1 at 4–5).[3]

---

[2] US Bank's complaint asserts that *SFR Investments* should not be applied retroactively to permit HOA foreclosure sales prior to September 14, 2014, to extinguish first deeds of trusts. (ECF No. 1 at 7). Notably, the foreclosure sale took place on September 24, 2015, over a year after the *SFR Investments* decision.

[3] In its response, US Bank argues that the HOA sale is void because it was not held within three years of the lien as required by law. (ECF No. 20 at 4). This argument fails because it is based on the wrong dates. (ECF No. 20 at 4). Specifically, US Bank asserts that the notice of notice of delinquent assessment lien was recorded on December 31, 2009, and the notice of

James C. Mahan
U.S. District Judge

US Bank alleges, *inter alia*, that the notices did not identify the superpriority portion of the lien and did not notify the lender of its right to cure. (ECF No. 1 at 4–5). US Bank alleges that the notice of default and the notice of sale included improper fees and costs in the amount demanded to be paid by the lender, fees and costs not properly included in a superpriority lien. (ECF No. 1 at 5).

These allegations are insufficient to state a plausible claim for relief—*i.e.*, that US Bank's claim to the property is superior to Saticoy's claim. In particular, US Bank does not assert that its predecessors-in-interest did not receive the relevant notices, but rather that the notices themselves were deficient. US Bank erroneously relies on the version of Chapter 116 that is currently in effect to support its assertion that the notices were defective. The 2015 Legislature substantially revised Chapter 116. *See* 2015 Nev. Stat., ch. 266. The current version of Chapter 116, however, is not controlling here. Rather, the version of Chapter 116 that applies is the version in effect at the time the events giving rise to this action occurred.

At the time the notices were recorded, the statute did not require the notices to identify the superpriority portion of the lien, but only the amount necessary to satisfy the lien. *See, e.g.*, Nev. Rev. Stat. § 116.311635(3) (*eff.* Oct. 1, 2013 to Sept. 30, 2015) ("[T]he notice of sale . . . must include: (a) The amount necessary to satisfy the lien as of the date of the proposed sale."). The notice of delinquent assessment lien recorded August 14, 2012, stated an amount due of $750.00. (ECF No. 1-5). The notice of default recorded April 30, 2014, stated an amount due of $2,994.84. (ECF No. 1-6). The notice of sale recorded September 2, 2015, stated an amount due of $7,933.97. (ECF No. 1-7).[4] To the extent that US Bank's complaint asserts due process violations based on these same alleged notice deficiencies, these assertions fail for the same aforementioned reasons. (ECF No. 1 at 6).[5]

---

foreclosure sale was recorded on August 12, 2012; however, the correct dates are August 14, 2012 (*see* ECF No. 1-5), and September 2, 2015 (*see* ECF No. 1-7), respectively.

[4] These notices were attached to US Bank's complaint as exhibits and is part of the complaint for all purposes pursuant to Rule 10(c), which provides that "[a] copy of a written instrument that is an exhibit to a pleading is part of the pleading for all purposes." Fed. R. Civ. P. 10(c).

[5] In its response, US Bank also argues that its deed of trust was not extinguished because the statute's opt-in notice scheme was deemed an unconstitutional violation of mortgage lenders'

James C. Mahan
U.S. District Judge

Further, the complaint fails to set forth sufficient facts to support the allegation that US Bank's predecessors-in-interest were not given an opportunity to cure the delinquent assessment. US Bank alleges that the lender was given notices (*see* ECF No. 1 at 5), but fails to state which notices. The notices attached to US Bank's complaint all contain an amount due and the consequences of failing to satisfy that amount due. (*See* ECF Nos. 1-5 to 1-7). Thus, the allegations set forth in the complaint do not support an inference that US Bank's predecessors-in-interest were not given an opportunity to cure.

Nor does the complaint allege that its predecessors-in-interest tendered any amount prior to the foreclosure sale so as to support an inference that the first deed of trust survived the foreclosure sale. *See SFR Investments*, 334 P.3d at 414–18 (noting that the deed of trust holder can pay the entire lien amount—so as to keep its interest from being extinguished upon foreclosure of a superpriority lien—and then sue for a refund).

US Bank further asserts that Chapter 116 cannot be applied in a manner that extinguishes its deed of trust because such application is precluded by the property and supremacy clauses. (ECF No. 1 at 10). In particular, US Bank asserts that Chapter 116 cannot interfere with the federal mortgage insurance program or extinguish mortgage interests insured by the FHA. (ECF No. 1 at 10).

The single-family mortgage insurance program allows FHA to insure private loans, expanding the availability of mortgages to low-income individuals wishing to purchase homes. *See Sec'y of Hous. & Urban Dev. v. Sky Meadow Ass'n*, 117 F. Supp. 2d 970, 980–81 (C.D. Cal. 2000) (discussing program); *W Wash. & Sandhill Homeowners Ass'n v. Bank of Am., N.A.*, No. 2:13-cv-01845-GMN-GWF, 2014 WL 4798565, at *1 n.2 (D. Nev. Sept. 25, 2014) (same). If a borrower under this program defaults, the lender may foreclose on the property, convey title to

---

due process rights in *Bourne Valley Court Trust v. Wells Fargo Bank, N.A.*, 832 F.3d 1154 (9th Cir. 2016). (ECF No. 20 at 7–13). This due process argument similarly fails because, at the time the notices were recorded and the foreclosure sale took place, US Bank did not possess a constitutionally protected interest in the property so as to be entitled to notice or otherwise properly state a due process claim. *See, e.g.*, *Brewster v. Bd. of Educ. of Lynwood Unified Sch. Dist.*, 149 F.3d 971, 982 (9th Cir. 1998) (holding that to state a procedural due process claim, a claimant must allege "(1) a deprivation of a constitutionally protected liberty or property interest, and (2) a denial of adequate procedural protections").

HUD, and submit an insurance claim. 24 C.F.R. § 203.355. HUD's property disposition program generates funds to finance the program. *See* 24 C.F.R. § 291.1.

Allowing an HOA foreclosure to wipe out a first deed of trust on a federally-insured property thus interferes with the purposes of the FHA insurance program. Specifically, it hinders HUD's ability to recoup funds from insured properties. As this court previously stated in *SaticoyBayLLC, Series 7342 Tanglewood Park v. SRMOF II 2012-1 Trust*, the court reads the foregoing precedent to indicate that a homeowners' association foreclosure sale under NRS 116.3116 may not extinguish a federally-insured loan. No. 2:13–CV–1199 JCM (VCF), 2015 WL 1990076, at *4 (D. Nev. Apr. 30, 2015).

However, the instant case is distinguishable from these cases in that, here, FHA is not a named party. The complaint does not seek to quiet title against FHA, nor does Saticoy. Thus, the outcome of the instant case has no bearing on FHA's ability to quiet title, and the property and supremacy clauses do not support US Bank's claim for relief.

In light of the foregoing, US Bank has failed to sufficiently state a claim for quiet title/declaratory relief. The complaint fails to set forth sufficient facts to plausibly suggest an entitlement to quiet title/declaratory relief as to the property. Accordingly, US Bank's quiet title/declaratory relief claim is dismissed without prejudice.

**IV. Conclusion**

Accordingly,

IT IS HEREBY ORDERED, ADJUDGED, and DECREED that Saticoy's motion to dismiss (ECF No. 11) be, and the same hereby is, GRANTED consistent with the forgoing.

IT IS FURTHER ORDERED that US Bank's complaint (ECF No. 1) be, and the same hereby is, DISMISSED WITHOUT PREJUDICE.

The clerk is instructed to close the case.

DATED April 28, 2017.

UNITED STATES DISTRICT JUDGE